UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE LEE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1101** |
| **DONNIE BORDELON, WARDEN** | **SECTION "G"(5)** |

## TRANSFER ORDER

Petitioner Eddie Williams has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2008 state criminal judgment.[1] He claims that he is factually innocent of the crime of conviction because he could not confront the analyst who performed the DNA analysis to prove it erroneous.[2] He first raised the claim in the context of "actual innocence" in the state courts pursuant to Louisiana Code of Criminal Procedure article 926.2.[3]

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same state criminal judgment. In the petition, he asserted that (1) his constitutional rights were violated by the improper admission of evidence of prior bad acts; and (2) trial counsel rendered ineffective assistance by (a) failing to properly challenge the testimony of a State witness, A.D., (b) failing to make a hearsay and Confrontation Clause objection to the

---

[1] Rec. Doc. 3.

[2] *Id.*

[3] Rec. Doc. 3-2. However, as set forth herein, he previously raised the claim in the context of ineffective assistance of counsel. *Williams v. Cain*, Civ. Action No. 12-1112 "G"(3) (E.D. La.) (Rec. Doc. 8, pp. 23-24). The substantive Confrontation Clause claim was also addressed by the United States Fifth Circuit on appeal from the denial of habeas relief. (See Rec. Doc. 20 (USCA Judgment); Rec. Doc. 24 (Federal District Court Order on petitioner's Rule 60(b) motion); Rec. Doc. 25 (USCA Order denying authorization to file a successive § 2254 application)).

DNA evidence offered by the State's witness who did not conduct the DNA testing, (c) eliciting F.S.'s testimony that she had been the victim of domestic violence at Petitioner's hand, and (d) failing to request certain jury instructions. The petition was dismissed with prejudice on the merits.[4] The United States Fifth Circuit Court of Appeals affirmed that judgment.[5] On April 3, 2017, the United States Supreme Court denied the related petition for writ of certiorari.[6]

In 2018, Williams filed a second or successive petition for writ of habeas corpus related to this same state criminal judgment.[7] In the 2018 petition, Williams attempted to raise additional ineffective assistance of counsel claims. The petition was construed in part as a motion for authorization for the district court to consider the second or successive claims and transferred to the United States Fifth Circuit Court of Appeals. The motion for authorization to file the second or successive petition was denied.[8]

The petition presently before the Court, raising an "actual innocence" claim, is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

---

[4] *Williams v. Cain*, No. 12-1112, 2014 WL 4231059 (E.D. La. Aug. 26, 2014).

[5] *Williams v. Vannoy*, 669 F. App'x 207 (5th Cir. 2016).

[6] *Williams v. Vannoy*, 137 S. Ct. 1440 (2017).

[7] *Williams v. Vannoy*, No. 18-9362 "G"(3) (E.D. La.).

[8] *In re Eddie Williams*, No. 18-31272 (5th Cir. 2019).

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[9]

Before the petition can be considered on the merits by the district court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Eddie Lee Williams' petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __20th__ day of April, 2023.

                                                      **NANNETTE JOLIVETTE BROWN**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**

---

[9] 28 U.S.C. § 2244(b)(2)(A), (B).