UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE LEE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1101** |
| **DONNIE BORDELON, WARDEN** | **SECTION "G"(5)** |

## ORDER

Before the Court is *pro se* Petitioner Eddie Lee Williams' ("Williams") motion seeking review of a May 17, 2024 decision of the assigned Magistrate Judge.[1] On April 13, 2023, Williams filed a petition for writ of habeas corpus in this Court challenging the constitutionality of his 2008 state criminal judgment.[2] Considering that Williams had filed a prior petition for writ of habeas corpus related to this same state criminal judgment, this Court found that it was without jurisdiction to consider the successive habeas petition.[3] Therefore, on April 21, 2023, the Court transferred the petition to the Fifth Circuit to determine whether Williams was authorized under 28 U.S.C. § 2244(b) to file the successive habeas corpus petition in this Court.[4] On August 2, 2023, the Fifth Circuit denied Williams' request for authorization to file a successive petition.[5]

On May 10, 2024, Williams filed a motion for declaratory judgment in this Court, challenging the lower state courts' ruling on his request for post-conviction relief from his state

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 3.

[3] Rec. Doc. 4.

[4] *Id.*

[5] Rec. Doc. 5.

criminal conviction and sentence.[6] Because the Fifth Circuit had denied Williams' motion for authorization to proceed in this Court on a successive habeas corpus petition, the Magistrate Judge denied the motion without prejudice.[7]

Williams now seeks review of the Magistrate Judge's order.[8] He asserts that the motion for declaratory judgment is not seeking habeas relief.[9] Regardless of how he frames the motion, Williams is seeking a judgment that his state conviction is unconstitutional.[10] Any challenge to the fact and duration of confinement is properly treated as a habeas corpus proceeding.[11]

Before such a claim can be considered on the merits by the district court, Williams must obtain authorization to file a successive petition from the United States Fifth Circuit Court of Appeals.[12] Until such time as Williams obtains said authorization, this Court is without jurisdiction to proceed. Therefore, the Magistrate Judge did not err in dismissing the motion for declaratory judgment. Accordingly,

---

[6] Rec. Doc. 6.

[7] Rec. Doc. 7.

[8] Rec. Doc. 8.

[9] *Id.*

[10] *See* Rec. Doc. 6 at 3 ("[The] briefs presented to the lower state court's are of a constitutional magnitude. The petitioner would like a declaratory judgment on whether or not the dispute was a violation of state and federal Constitution of the United States.").

[11] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) (where state prisoner's claim for declaratory and monetary relief arose solely as result of single allegedly defective disciplinary hearing, there was no error in construing suit as a habeas claim); *Moore v. Hill*, 487 F.2d 221, 222 (5th Cir. 1973) (the district court correctly recharacterized petition for a "writ of declaratory judgment" as a petition for a writ of habeas corpus).

[12] 28 U.S.C. § 2244(b)(3)(A).

**IT IS HEREBY ORDERED** that Eddie Lee Williams' motion seeking review of a May 17, 2024 decision of the assigned Magistrate Judge[13] is **DISMISSED**.

New Orleans, Louisiana, this __26th__ day of June, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[13] Rec. Doc. 8.